# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>          Plaintiff,<br><br>    v.<br><br>R. LEYVA,<br><br>          Defendant. | Case No. 1:17-cv-01549-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUESTS TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(Docs. 5, 10)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

### A.   BACKGROUND

Plaintiff, Guillermo Trujillo Cruz, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on November 20, 2017. (Doc. 1.) On November 21, 2017, Plaintiff was ordered to either file an application to proceed *in forma pauperis*, or pay the filing fee since he submitted neither with the Complaint. (Doc. 3.)

On December 4, 2017, Plaintiff filed an application to proceed *in forma pauperis*, which is currently before the Court. (Doc. 5.) On December 19, 2017, an order issued for Plaintiff to show cause ("OSC") why his application to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) should not be denied as he had three strikes prior to filing this suit and failed to show imminent danger since he was no longer housed at the facility where the alleged actions took place when he filed this action. (Doc. 9.) Plaintiff responded by filing another application to proceed *in forma pauperis* (Doc. 10) and a response to the OSC (Doc. 12).

///

1

**B.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings in forma pauperis. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**C.     DISCUSSION**

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, judicial notice is taken of *Trujillo[1] v. Sherman*, 1:14-cv-0140-BAM (PC), which was dismissed and closed on April 24, 2015, for failure to state a claim, affirmed by the Ninth Circuit on February 23, 2016; *Trujillo v. Ruiz, et al.*, 1:14-cv-0975-SAB, which was dismissed and closed on January 6, 2016, for failure to state a claim, affirmed by the Ninth Circuit on May 9, 2017; and *Trujillo v. Gonzalez-Moran, et al.,* which was dismissed and closed on January 19, 2017 (Plaintiff's appeal was dismissed by the Ninth Circuit as frivolous on July 28, 2017). Consequently, Plaintiff had three strikes under §1915(g) before he filed this action on November 20, 2017. Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this action unless at the time the Complaint was filed, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's Complaint and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff alleges that the violation in this action occurred at High Desert State Prison ("HDSP"), and that Correctional Officer R. Leyva is employed at Kern Valley State Prison ("KVSP"). However, when Plaintiff filed this action, he was housed at Pelican Bay State Prison ("PBSP") in Crescent City, California. (*See* Doc. 1, p. 1.) The Complaint contains allegations regarding acts

---

[1] Plaintiff intermittently transposes his surnames in his legal filings— i.e., "Trujillo Cruz" and "Cruz Trujillo." However, Plaintiff's identity in these prior actions was confirmed via his California Department of Corrections and Rehabilitation inmate number #AA-2974.

by Officer Leyva that occurred either at HDSP or KVSP. Plaintiff does not state any allegations of wrongdoing at PBSP and was not in imminent danger of serious physical injury at the time he filed suit, which precludes him from proceeding *in forma pauperis* in this action. *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007).

In his response to the OSC, Plaintiff indicates that, on July 20, 2017, while confined at KVSP, he was targeted for assault. (Doc. 12, p. 2.) However, an incident that occurred four months before an action is filed does not meet the imminent danger exception—particularly where the inmate is no longer at the facility where the alleged assault occurred. Plaintiff argues that "it only takes a touch of a button such as via telephonically (sic) call to have an order of an assault done (sic)." (*Id.*) However, Plaintiff cites no legal support for such argument to satisfy the imminent danger exception of 28 U.S.C. §11915(g), and the Court finds none.

In sum, Plaintiff had three strikes under 28 U.S.C. §1915(g) before he filed this action. The allegations in this action do not establish that Plaintiff was facing imminent danger of serious physical injury at the time the Complaint was filed—when he was housed at PBSP. Plaintiff therefore fails to allege specific facts indicating he was under imminent danger at the time he filed the Complaint. Based on the foregoing, the Court finds that Plaintiff fails to allege an imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on filing suit without prepayment of the filing fee. Accordingly, Plaintiff may not proceed *in forma pauperis* in this action and his applications should be denied.

### D.    CONCLUSION and RECOMMENDATION

Based on the foregoing, it is **HEREBY RECOMMENDED** that Plaintiff's motions to proceed *in forma pauperis*, filed December 4, 2017, (Doc. 5), and December 22, 2017, (Doc. 10), be denied and that this action be dismissed without prejudice to Plaintiff refiling with prepayment of the full filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 17, 2018**                    /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE